VALDEJULY, DEMANDANTE Y APELADA, *v.* PORTO RICO RAILWAY, LIGHT & POWER COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios.

No. 1646.—Resuelto en julio 17, 1917.

DAÑOS Y PERJUICIOS—EXAMEN DE LA PRUEBA—PREPONDERANCIA DE LA PRUEBA—IMPEDIMENTO O ESTOPPEL—NEGLIGENCIA CONTRIBUTORIA.—En este caso hubo prueba tendente a demostrar que el carro de la demandada arrancó impropiamente y que la demandante fué lanzada de él sufriendo varias lesiones en su caída. La prueba de la demandada tendió a demostrar que la demandante había sufrido un desvanecimiento y que a ello se debía la causa próxima del accidente, habiéndolo así admitido ante varios testigos. *Se resolvió:* que la preponderancia de la prueba estaba a favor de la demandante; y que ésta no estaba impedida (*estopped*) por su propia conducta, ni por sus admisiones hechas a raíz del accidente, ni ellas tienden a demostrar la negligencia contributoria.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. J. H. Brown.*
Abogado de la apelada: *Sr. Manuel Benítez Flores.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Esta es una acción por daños y perjuicios fundada en el
negligente arranque de marcha de un carro eléctrico, del que
bajaba la demandante. La defensa consistía de una nega-
ción general de los hechos alegados por la demandante y de
una afirmación positiva de que la caída de la demandante y
daños consiguientes a la misma fueron debidos a su estado
de debilidad y desmayo, según ella misma lo admitiera ante
los empleados de la demandada. En la vista del caso ante
este tribunal se atacó además la credibilidad de los testigos
de la querellante.

En el juicio uno de los mayores esfuerzos desplegados por
la demandada consistió en demostrar que la caída de la
demandante acaeció antes de que el carro se parase por com-
pleto en la parada 15, en la carretera principal de San Juan.
Sobre este punto, de habérsenos sometido a nosotros este
caso en primera instancia, no hubiéramos vacilado en estimar
inmediatamente que una fuerte preponderancia de prueba es-
taba de parte de la demandante. En la vista celebrada en
esta corte y en el alegato del apelante uno de los testigos
oculares de la actora fué impugnado principalmente porque
dijo que había montado en el carro en la parada 26 en la ca-
rretera, donde vivía, siendo así que es un hecho incontrover-
tido el de que la demandante venía en un carro del Parque,
que es el que torna hacia la carretera en la parada 23.
Cuando un testigo que varios meses después de un suceso, y
que tiene la costumbre de tomar un carro en determinado
lugar, se equivoca en una ocasión especial, tal equivocación
podría afectar el peso de su declaración respecto a otros de-
talles, pero no podría afectar su credibilidad, y su equivo-
cación, para nosotros, no le llevaría muy lejos para que pu-
diera destruir su manifestación de que salió del carro inme-
diatamente delante de la demandante, la que le siguió. Con
mucha frecuencia, en cualquier ciudad, uno se dirige hacia
donde una vía ramal torna hacia la vía principal con el fin

de tener más oportunidad de coger rápidamente un carro. El testigo fué repreguntado respecto a otros detalles de su declaración, pero nada se hizo para llamar su atención especial respecto a esta equivocación. No fué ésta sola la razón por la que se impugnara al testigo, pero sí el punto sobre el que se insistió más. Hubo contradicción entre sus manifestaciones y las de otro de los testigos de la parte actora, y declaró respecto a la venta de periódicos negada por todos los testigos de la demandada. Estas y otras materias semejantes corresponden a la corte que celebró el juicio, y nada existe en la prueba que nos convenza de que la corte inferior cometiera un manifiesto error. El juez, sin embargo, como demuestra su opinión, descansó más particularmente sobre la declaración de Adelaida Tomás, que estaba de pie esperando tomar el carro en la parada. Nos vamos a ocupar especialmente de la cuestión de si el accidente ocurrió por razón del arranque del carro o no. Un análisis semejante debe aplicarse a cualquier otro juicio o peso de las declaraciones contradictorias de los testigos, o a la consideración de toda la prueba por parte de la corte inferior. No encontramos razón alguna para dudar de la conclusión dada en su opinión por la corte inferior de que la causa del accidente fué el arranque del carro.

Sobre la cuestión del mareo o desmayo de la demandante hay más fuerza en la teoría de la demandada. Creemos posible que en algún instante antes del momento de caer en tierra la demandante se desvaneció; que la forma en que cayó ha podido atribuirse parcialmente al mareo. No es increíble, tampoco, que al hablar con los empleados de la demandada se inculpó a sí misma por su caída. Los empleados de la compañía, con tales manifestaciones, naturalmente se pondrían escépticos por completo con relación a los testigos de la demandante. Por esto no es necesario dudar de cualesquier manifestaciones de los testigos de más responsabilidad de la demandada. En cuanto a la aparente dificultad física, declarada por el Dr. Glines, para que haya ocurrido la caída

en la forma descrita por los testigos, tal incongruencia es muy frecuente en casos de accidentes. Esta especie de confusión, disparidad y conflicto le corresponde decidir al juzgador.

Tenemos otra teoría posible del caso que difiere un poco de las enunciadas en los autos o vista del caso. En la prueba se encuentran indicios de que la demandante se levantó para apearse del carro mucho antes de llegar a la parada 15 y se paró detrás del motorista. Como quiera que ella no hiciera indicación alguna al pasar por algunas paradas, y como quiera que ella permitió a algunas personas pasar antes que ella en la parada 15, el motorista ha podido creer que ella no pensaba bajarse allí y quizás, distraído por los muchachos vendedores de periódicos o por alguna otra causa, prontamente dió marcha a su carro al dar el conductor la señal de partida en el momento en que el último pasajero había pasado. Su determinación en salir ha podido ser repentina, pero la preponderancia de la prueba demuestra que ella salía inmediatamente detrás de los otros pasajeros que bajaban. Cualquier teoría independiente de la evidencia sólo demuestra que importa poco si la corte, en su opinión, según insinúa la demandante, adoptó una teoría del caso algo inconsistente con los hechos. Nuestra propia teoría independiente tiene derecho a menos peso que la del juez que vió el caso y que estuvo en mejores condiciones para acercarse o alcanzar la verdad. En un juicio es casi imposible la veracidad absoluta, y especialmente en un caso de accidente. Una cosa es notablemente cierta, a juicio de la corte, y ella es que la causa próxima del accidente fué debida, no al desvanecimiento de la demandante, sino a la forma impropia del arranque del carro. En la fecha en que tuvo lugar el accidente se les exigía a los pasajeros por una ordenanza municipal salir por la parte delantera del carro, y esto elevó el deber impuéstole al motorista de no poner en marcha su carro hasta que la última persona que descendiera hubiera bajado por completo. Cualquiera está sujeto a una súbita determinación de seguir a

otros pasajeros.    La demandante no estaba impedida (*estopped*) por su propia conducta, ni por sus admisiones hechas a raíz del accidente, especialmente sufriendo como estaba, ni sus admisiones tienden a demostrar negligencia contributoria alguna.

No encontramos error alguno en la sentencia apelada y la misma debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.